IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JONATHAN JOHNSON, | § | |
| | § | No. 170, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1602004456A (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: May 22, 2024
Decided: July 23, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we affirm the Superior Court's summary dismissal of the appellant's fourth motion for postconviction relief.[1] To the extent that the appellant, Jonathan Johnson, argues for the first time on appeal that his sentence is illegal because it does not contain a transitional period of probation as required by 11 *Del. C.* § 4204(l), he is mistaken.[2] We recently reviewed Johnson's sentence and found it to be otherwise legal.[3]

---

[1] *State v. Johnson*, 2024 WL 1253767 (Del. Super. Mar. 25, 2024).
[2] The Superior Court sentenced the appellant as follows: for possession of a firearm during the commission of a felony, twenty-five years of incarceration; and for drug dealing, eight years of incarceration, suspended after six months of Level IV (DOC discretion) probation, followed by eighteen months of Level III probation.
[3] *Johnson v. State*, 294 A.3d 1080 (TABLE), 2023 WL 2671805 (Del. Mar. 28, 2023).

We previously warned Johnson—who has filed five appeals and two petitions for extraordinary writs relating to his convictions and sentence since 2019—that he could be enjoined from filing future appeals or writs raising repetitive claims without first seeking leave of the Court.[4] We now conclude that the appellant's untimely, repetitive, and frivolous filings constitute an abuse of the judicial process. The Clerk of this Court is directed to refuse any future filings from Johnson related to these criminal convictions and sentence unless the filing is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e)[5] and that motion is first granted by the Court.

---

[4] *Johnson v. State*, 315 A.3d 517 (TABLE), 2024 WL 1614229 (Del. Apr. 12, 2024); *Johnson v. State*, 314 A.3d 1077 (TABLE), 2024 WL 1209526 (Del. Mar. 20, 2024); *In re Johnson*, 289 A.3d 630 (TABLE), 2023 WL 116481 (Del. Jan. 5, 2023).

[5] Section 8803(e) of Title 10 of the Delaware Code provides:

> When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court. When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:
>
> (1) The claims sought to be litigated have never been raised or disposed of before in any court;
>
> (2) The facts alleged are true and correct;
>
> (3) The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
>
> (4) The affiant has no reason to believe the claims are foreclosed by controlled law; and
>
> (5) The affiant understands that the affidavit is made under penalty of perjury.

2

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.


BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice